Request of House of Representatives,
No. 4767.

OPINION OF THE JUSTICES.

Submitted June 30, 1959.

Answer returned July 9, 1959.

The following resolution adopted by the House of Representatives on June 23, 1959, was filed in this court on June 24, 1959:

"WHEREAS, The House of Representatives has pending before it House Bill No. 488, An Act to reimburse innocent depositors of Valley Trust Company, for losses suffered, and

"WHEREAS, Questions have arisen concerning the constitutionality of this legislation, now therefore be it

"RESOLVED, That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

"1. Do any provisions of said bill conflict with the constitution of the state of New Hampshire:

"2. If the answer to question no. 1 is in the negative would the answer still be in the negative if the bill was amended to include reimbursement of depositors who have suffered losses of funds because of other bank failures in New Hampshire during prior years?"

The following answers were returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court submit the following answers to the inquiries contained in your resolution

with reference to House Bill No. 488, entitled "An act to reimburse innocent depositors of Valley Trust Company for losses suffered."

Section 1 of the proposed bill authorizes an appropriation of $250,000 as a reimbursement fund. Section 2 provides that depositors who have suffered loss of funds from the bank's failure shall have the right to apply for reimbursement. Sections 4 to 7 inclusive authorize a state bond issue for the appropriation. Section 3 reads as follows: "Exceptions. Notwithstanding the provisions of the preceding section no depositor who during the period from January 1, 1954 to the date of closure of said bank, namely June 24, 1958, served as a director or executive officer of the Valley Trust Company, or who on June 24, 1958 was indebted to the bank in an amount which was in excess of the amount the Valley Trust Company was authorized to loan to a single depositor under RSA 392:39 (supp.) shall be entitled to apply for nor receive any reimbursement for loss."

Banking is peculiarly subject to regulation by the State in the exercise of its police power. *Opinion of the Justices*, 102 N. H. 106. 9 Zollmann, Banks and Banking, s. 5722. "It is of vast importance to the commercial prosperity, the manufacturing activity, and the industrial welfare of the community that banks be managed with integrity and sagacity and according to the rules of law prescribed for their administration. The savings of the poor, the earnings of the thrifty, and the resources of the wealthy, alike depend upon the prevention of delinquency on the part of those who control and direct the affairs of banks." *Cosmopolitan Trust Co.* v. *Mitchell*, 242 Mass. 95, 111, 112. Consequently the State has broad powers to enact protective and preventive legislation to forestall ultimate loss to bank depositors by the creation of guaranty funds, the requirement that depositors' funds shall be insured and other appropriate means.

The proposed bill, however, appropriates state money for the purpose of reimbursing private depositors for losses already incurred and violates the constitutional prohibition against taxation to aid private purposes or parties. N. H. Const., Pt. II, *Art.* 5th. "Unconditional aid is not a proper charge of government to be met by the taxpayers." *Opinion of the Justices*, 88 N. H. 484, 488, 489. Banks, like insurance companies and utilities, are regulated in the public interest but their failure or financial losses do not create a state debt to depositors, policyholders, and stockholders which can be met by the appropriation of public funds. *Weaver* v.

*Koehn,* 120 Neb. 114; 9 Zollmann, Banks & Banking, *s.* 5864, *p.* 71.

Therefore in answer to your first inquiry you are advised that House Bill No. 488, if enacted into law, would be in violation of the State Constitution. It logically follows that the same conclusions govern the latter part of your second inquiry and that an amendment to the bill to reimburse bank depositors "who have suffered losses of funds because of other bank failures in New Hampshire during prior years" would likewise be unconstitutional.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

July 9, 1959.

*John W. King* in favor of affirmative answers.